```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                            Norfolk Division
```

**TERRY OFORI, #290855,**

        **Petitioner,**

**v.**                                                    **2:05CV351**

**GENE M. JOHNSON, Director of the
Virginia Department of Corrections,**

        **Respondent.**

## FINAL ORDER

      This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to petitioner's convictions on July 11, 2000, in the Circuit Court of Fairfax County, Virginia, for two counts of rape, as a result of which he was sentenced to serve thirty years in the Virginia penal system.

      The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 29 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on October 13, 2005. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on October 31, 2005, a document entitled "Motion in Opposition to the Magistrate Judge's Finding and Recommendation," which is construed as objections to the report.

      The Court, having reviewed the record and examined the objections filed by the petitioner and having made <u>de novo</u> findings with

respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States Magistrate Judge filed October 13, 2005.  It is, therefore, ORDERED that the petition be DENIED and DISMISSED pursuant to the statute of limitations and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the Magistrate Judge's finding that his petition should be dismissed under the statute of limitations, the objection is without merit.  Petitioner has provided no credible arguments in support of his failure to pursue direct or collateral relief.  The Supreme Court has recognized that a litigant seeking equitable tolling of the statute of limitations for filing a habeas petition "bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. Diguglielmo, 125 S. Ct. 1807, 1814 (2005).  Petitioner's excuses are insufficient to establish an exception to the statute of limitations or show cause and/or prejudice, if the petition is not granted.  Petitioner has failed to promptly and diligently pursue collateral relief.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment.  Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.  See Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003).

The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for respondent.

/s/Rebecca Beach Smith
_____
**UNITED STATES DISTRICT JUDGE**

**Norfolk, Virginia**

**November 21, 2005**